UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BAMA SEA PRODUCTS, INC.,**

    **Plaintiff,**

**v.**                                                                   **Case No.  8:07-cv-1438-T-30TGW**

**JACKSON SHIPPING, INC., et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law (Dkt. 27), and the Motion to Withdraw from Representation of Defendant, Jackson Shipping, Inc. ("Jackson Shipping"), filed by Constantine Papas, Esq., and Gray Robinson, P.A. (Dkt. 28).  In his Motion to Withdraw, Mr. Papas indicates Defendant Jackson Shipping has decided not to oppose Plaintiff's Motion for Summary Judgment.  Furthermore, Mr. Papas states Jackson Shipping wishes to end its defense of the claim and discharge counsel.  The Court, having reviewed the motions and supporting memoranda, and being otherwise fully advised in the premises, determines Plaintiff's Motion for Summary Judgment should be granted and the Motion to Withdraw should be denied as moot.

Background[1]

On or about August 18, 2006, Jackson Shipping took possession of approximately 219 boxes of frozen shrimp for delivery to Defendant. Jackson Shipping was the ocean carrier for shipment of the shrimp from Roatan, Honduras, to Tampa Bay, Florida. Plaintiff, Bama Sea Products, Inc. ("Plaintiff") was the ultimate importer, owner and insured of the subject cargo.

Jackson Shipping transported the shrimp aboard its vessel, the M/V Bay Island Trader (the "vessel"). While in transit, the refrigeration unit cooling the shrimp malfunctioned and/or became inoperative resulting in severe heat damage. Upon inspection, the Food and Drug Administration and U.S. Customs refused entry of the cargo into the United States and ordered it destroyed. As a result of the spoiled cargo, Plaintiff claims to have suffered damages in the total amount of $34,336.91, consisting of the market value of the shrimp ($32,067.61), destruction costs ($487.80), and survey costs ($1,781.50).

Discussion

**I.      Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317,

---

[1] Defendants have not disputed the "Concise Statement of Undisputed Facts" contained within Plaintiff's Motion for Summary Judgment (Dkt. 27, page 2).

322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original).  The substantive law applicable to the claimed causes of action will identify which facts are material.  Id.  Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor.  Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. at 324.   The evidence must be significantly probative to support the claims.  Anderson,  477 U.S. at 248-49 (1986).

**II.     Legal Analysis**

The instant dispute is governed by the Carriage of Goods by Sea Act ("COGSA"), which applies to carriers "engaged in the carriage of goods to or from any port in the United States."  46 U.S.C. § 30702.  Under COGSA, a plaintiff "establishes a prima facie case by proving the carrier received the cargo in good condition but unloaded it in damaged condition at its destination."  Ternam Foods, Inc. v. Omega Lines, 707 F.2d 1225, 1227 (11th Cir. 1983).  A clean bill of lading creates a rebuttable presumption that the subject cargo was delivered to the carrier in good condition.  Id.

Plaintiff has provided a clean bill of lading, together with evidence the subject cargo was delivered at its destination with sufficient heat damage. Jackson Shipping does not dispute that the cargo was received in good condition prior to shipment or that it was delivered in damaged condition. In other words, Jackson Shipping has not disputed that the shrimp suffered heat damage during shipment. Accordingly, Plaintiff is entitled to summary judgment with respect to liability.

Plaintiff has also moved for summary judgment on the issues of damages and pre-judgment interest. The value of damages for lost cargo "is the market value of the cargo in sound condition at its destination less the market value in its damaged state." Id. When the market value is uncertain or not proved, courts use the invoice price to determine damages. Id. In addition to the loss in market value, necessary expenses incidental to the loss are also recoverable. Armco Chile Prodein, S.A. v. M/V Norlandia, 800 F. Supp. 781, 796 (M.D.Fla. 1995).

Plaintiff has attached a survey invoice to the instant Motion certifying the fair market value of the shrimp (in sound condition) to be $32,067.61. (Plaintiff's Motion for Summary Judgment, Ex. E, Dkt. 27). As the shrimp were destroyed upon entry into the United States, the shrimp had no value to Plaintiff in its damaged state. Plaintiff also incurred $487.80 in destruction costs and $1,781.50 in survey costs. Jackson Shipping has not disputed Plaintiff's calculation of damages or that the destruction and survey costs were necessary expenses incidental to the loss. Accordingly, the Court concludes Plaintiff is entitled to

summary judgment against Defendants for the loss of the cargo, the destruction costs, and the survey costs.

Plaintiff claims it is entitled to an award of pre-judgment interest on its damages claim at the average federal prime rate from the date of loss through the date of entry of judgment. The Court agrees. It is the general rule in the Eleventh Circuit to award pre-judgment interest in admiralty cases. *Sunderland Marine Mut. Ins. Co., Ltd. v. Weeks Marine Const. Co.*, 338 F.3d 1276, 1280 (11th Cir. 2003). The rate of pre-judgment interest should be calculated based on the federal prime rate from the date of loss through entry of judgment. *Id.* The average federal prime rate from August 18, 2006, through the date hereof, is 7.37%. Taking pre-judgment interest into account, the Court concludes Plaintiff is entitled to summary judgment against Defendants in the total amount of $39,305.44 ($34,336.91 in damages plus $4,968.53 in pre-judgment interest[2]).

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law (Dkt. 27) is **GRANTED**.

2. The Clerk is directed to enter **SUMMARY FINAL JUDGMENT** in favor of Plaintiff, Bama Sea Products, Inc., and against Defendants, Jackson Shipping, Inc., *in personam*, and the M/V Bay Island Trader, her engines, tackle, boilers, and apparel, *in rem*, in the total amount of $39,305.44, plus post-judgment

---

[2]Pre-judgment interest was calculated at annual rate of 7.37% for 716 days.

interest at the statutory rate. Said amount is comprised of the underlying claim of $34,336.91, plus $4,968.53 in pre-judgment interest.

3. Constantine Papas, Esq.'s and Gray Robinson, P.A.'s Motion to Withdraw from Representation of Defendant, Jackson Shipping, Inc. (Dkt. 28) is **DENIED as moot**.

4. All pending motions are denied as moot. The Clerk is directed to close this file.

5. The Court retains jurisdiction to consider awarding costs upon proper motion by Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida on August 1, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-1438.msj.frm